# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO RODRIGUEZ EALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 17-300-RAW-SPS |
| ) | |
| DAMON T. HININGER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On March 10, 2020, the Court directed Plaintiff to show cause why Defendants Tim Wilkinson, Unnamed Dietician (aka Margarot Ann Guinia), Unnamed Imam, and Robert Perry, Jr., along with other defendants, should not be dismissed from this action for Plaintiff's failure to serve them within 90 days after filing the complaint, pursuant to Fed. R. Civ. P. 4(m) (Dkt. 73). Plaintiff filed a response to the show-cause order on March 23, 2020 (Dkt. 77).

**Defendant Tim Wilkinson**

The record shows the summons for Defendant Tim Wilkinson, former warden of Davis Correctional Facility (DCF), was issued on October 10, 2017 (Dkt. 6), and the Form USM-285 was returned as executed on October 19, 2017 (Dkt. 34). Plaintiff, however, had completed the USM-285 with a service address at DCF and a notation that Wilkinson no longer worked at the facility but could be reached through personnel records. *Id.* While Sgt. P. Mariott, Correctional Officer, signed the USM-285, there was no valid service because Plaintiff had failed to provide a current address for Defendant Wilkinson. Plaintiff took no

additional action to prosecute his claims against Defendant Wilkinson.

A review of the complaint indicates Wilkinson allegedly "was facility head and supervisor responsible for the training and actions of his employees" (Dkt. 1 at 3). According to the attachments to the complaint, Wilkinson also reviewed Plaintiff's grievances (Dkt. 1-1 at 4, 31, 38; Dkt. 1-2 at 10, 14). Plaintiff, however, has not alleged that Wilkinson personally participated in any unconstitutional conduct.

The complaint must clearly state what each individual defendant did to violate the plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is an essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what to whom*.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Supervisory status is not sufficient to support liability under § 1983. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Further, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

The Court has carefully reviewed the record and construes Plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, the Court finds

Plaintiff has failed to state a claim against Defendant Wilkinson upon which relief may be granted. Therefore, Defendant Wilkinson is DISMISSED WITH PREJUDICE from this action pursuant to 28 U.S.C. § 1915A(b) (stating the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief).

**Defendant Unnamed Dietician, aka Margarot Ann Guinia**

The record shows the summons for Unnamed Dietician with an address at DCF was issued on October 10, 2017 (Dkt. 10), and on October 19, 2017, the USM-285 was returned as executed, signed by Sgt. P. Mariott, Correctional Officer (Dkt. 29). The "special instructions" on the USM-285 also gave a street address for this defendant in Nashville, Tennessee.[1] *Id.* On December 5, 2017, the Court entered an Order finding the summonses for Unnamed Dietician and other defendants were not properly served (Dkt. 45). Plaintiff was directed to submit within 30 days a new USM-285 form with the first and last name and the current address for Defendant Unnamed Dietician. *Id*.

The summons for Defendant Margarot Ann Guinia (aka "Unnamed Dietician") was issued on September 4, 2018, with a street address for Ms. Guinia in Oldsmar, Florida (Dkt.

---

[1] This is an address for CoreCivic, which owns and operates Davis Correctional Facility. *See Davis v. GEO Group Corr., Inc.*, No. 16-462-HE, 2018 WL 1406588, slip op. at *1 n.1 (W.D. Okla. Mar. 7, 2018) (unpublished report and recommendation), *adopted by district court*, 2018 WL 1404404 (Mar. 20, 2018). *See also* https://www.corecivic.com/facilities (accessed on May 20, 2020).

57).[2] On October 11, 2018, the USM-285 was returned unexecuted, because Ms. Guinia no longer was employed anywhere within the corporation (Dkt. 62).

Plaintiff alleges in his response to the March 10, 2020, show-cause order that Ms. Guinia is an employee of Trinity Service Group in Oldsmar, Florida, who served as the dietician for DCF (Dkt. 77 at 2). Plaintiff has made no additional attempts to serve Ms. Guinia.

After careful review, the Court finds Plaintiff has failed to show good cause for his failure to serve this defendant. Therefore, the Court finds Defendant Unnamed Dietician, aka Defendant Margarot Ann Guinia, should be DISMISSED WITHOUT PREJUDICE from this action.

**Defendant Unnamed Imam**

Plaintiff alleges Defendant Unnamed Imam is a corporate religious advisor in Nashville, Tennessee, who approved meal items (Dkt. 1 at 9). The record shows that on October 10, 2017, the summons for this defendant was issued with the DCF address (Dkt. 18). The USM-285, however, also had a street address for this defendant in Nashville, Tennessee (Dkt. 30).[3] On October 19, 2017, the USM-285 was returned as executed with a signature by Sgt. P. Mariott, Correctional Officer at DCF (Dkt. 30).

---

[2] This apparently is the street address for Trinity Services Group, a correctional food service. *See* http://www.trinityservicesgroup.com (accessed on May 20, 2020).

[3] This is the same CoreCivic address that was given for Defendant Unnamed Dietician, aka Margaret Guinia.

The Court entered an Order on December 5, 2017, finding the summons for Unnamed Imam was not properly served (Dkt. 45). Plaintiff was directed to submit within 30 days a new USM-285 form with the first and last name and the current address for this defendant. *Id.*

On January 8, 2018, Plaintiff filed a "motion for relief from service of summons/request for appointment of counsel" (Dkt. 46). The motion was stricken for Plaintiff's failure to comply with Local Civil Rule 7.1(b), which requires each request for relief from the Court to be presented as a separate pleading (Dkt. 50). Plaintiff made no additional attempts to serve Defendant Unnamed Imam, and he has not provided even a partial name for this individual.

After careful review, the Court finds Plaintiff has failed to show good cause for his failure to serve Defendant Unnamed Imam. Therefore, Defendant Unnamed Imam should be DISMISSED WITHOUT PREJUDICE from this action.

**Defendant Robert Perry, Jr.**[4]

The record shows the summons for Defendant Robert Perry, Jr., was issued on October 10, 2017 (Dkt. 16) with a street address in Wewoka, Oklahoma (Dkt. 41). The USM-285 stated Defendant Perry no longer worked at the DCF facility but could be reached

---

[4] The Court notes that Plaintiff alleges in Count I of the complaint that on April 20, 2015, Defendant Perry assaulted him while escorting him to the shower (Dkt. 1 at 4). The complaint, however, was not filed until August 3, 2017, more than two years after the alleged incident. It appears this claim was not timely filed, unless Plaintiff can demonstrate a proper exception to Oklahoma's two-year statute of limitations. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

through his employer at Ronin Transportation Solutions in Norwich, New York. *Id.* On October 19, 2017, the USM-285 was returned unexecuted with a notation that it was mailed certified/restricted delivery and was returned by the United States Postal Service as unable to forward. *Id.* Plaintiff next attempted to serve Defendant Perry at Perry's place of employment in Canada, however, the USM-285 was returned unexecuted on May 14, 2018, because it could not be served in Canada (Dkt. 49).

In response to the Court's show-cause order (Dkt. 73), Plaintiff contends he ascertained additional information through his relative's internet search, and the information was included on the USM-285 (Dkt. 77 at 3-4). A review of the record indicates Plaintiff provided the following information on the USM-285:

> Headquarters of Ronin Transportation is in Norwich, New York, where he rides [sic]. [Phone number redacted] "L4yoc8"--may be truck license number. He also drives a truck for "loose change transportation"--Owner Leonard F. Alston, [street address redacted], Baltimore, MD-21213 [phone number redacted].

(Dkt. 49).

Although Plaintiff contends the Marshals Service should have used the additional information on the USM-285 to locate and serve Defendant Perry, "[i]It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served. . . ." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). *See Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished).

Plaintiff also has filed a motion to serve Defendant Perry by publication in *The*

6

*Evening Sun* in Norwich, New York, or by service of the Secretary of State, or by serving Defendant Perry's wife at her place of employment in Norwich (Dkt. 75 at 1). He, however, has failed to provide authority that serving Plaintiff's wife or the Secretary of State would be proper service in New York. *See* Fed. R. Civ. P. 4(e)(1) (Service upon an individual is permitted by, among other methods, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.").

Given the lengthy history set forth above, the Court finds "the slight possibility of relief offered by service via publication does not warrant another extension. *Cf. Herrera v. Zavares*, No. 09-cv-1229, 2010 WL 3853312, at *13-14 (D. Colo. Sept. 28, 2010) ("Much as the train must eventually leave the station with those aboard--and leave behind those who have not arrived on time--this litigation began moving forward against those Defendants that [Plaintiff] was able to promptly serve, and [Mr. Perry] was not among them."). Therefore, Defendant Robert Perry, Jr. is DISMISSED WITHOUT PREJUDICE because of Plaintiff's failure to show good cause for failing to effect timely service. *See Alamiin v. Patton*, No. CIV-13-1001-F, 2016 WL 11469556, at *3 (W.D. Okla. 2016).

**ACCORDINGLY,**

1. Defendant Tim Wilkinson is DISMISSED WITH PREJUDICE from this action.

2. Defendant Unnamed Dietician, aka Defendant Margarot Ann Guinia, is

      DISMISSED WITHOUT PREJUDICE from this action.

3.     Defendant Unnamed Imam is DISMISSED WITHOUT PREJUDICE from this action.

4.     Defendant Robert Perry, Jr. is DISMISSED WITHOUT PREJUDICE from this action.

**IT IS SO ORDERED** this 21st day of May 2020.

*[signature]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma